UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| JESSICA BRANHAM,<br><br>       PLAINTIFF<br><br>v.<br><br>NATHAN WADE BAKER<br>and<br>WHITESBURG WOMEN'S CENTER, LLC<br><br>       DEFENDANTS | CIVIL ACTION NO. 7:16-CV-00182-ART-EBA |

**JESSICA BRANHAM'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Jessica Branham, ("Dr. Branham"), submits this response to Nathan Wade Baker and Whitesburg Women's Center, LLC's ("Defendants") Motion to Dismiss the Complaint.

Defendants' Motion to Dismiss is both procedurally deficient and substantively meritless. Filed after their Answer, and on the day before their discovery responses were due (which, as of now, remain deficient), the motion violates the express language of Rule 12(b). Additionally, the basis for the motion, failure to exhaust administrative remedies under ERISA, is an affirmative defense that is inappropriate to consider on a Rule 12 motion.

Moreover, the Court has every reason to deny Defendants' Motion to Dismiss on the substantive merits. Dr. Branham's claims are clearly exempt from the exhaustion doctrine for four independent reasons: (1) statutory ERISA claims, like Dr. Branham's, for breach of fiduciary duty under ERISA are exempt from the exhaustion requirement; (2) any attempts by Dr. Branham to exhaust administrative remedies would have been futile; (3) Dr. Branham's ERISA claims are "deemed exhausted" due to the total lack of appeals process set out by the

1

plan; and (4) applying the exhaustion doctrine here would not advance the doctrine's core purpose and policies, particularly because the plan at issue is a SIMPLE IRA.

Perhaps most importantly, Defendants' motion fails at a more fundamental level: with this motion, Defendants attempt to dismiss claims *for which they have already admitted fault*. As set out in Defendants' Answer (and discovery responses), Defendants have already explicitly admitted that they owed fiduciary responsibilities to manage Dr. Branham's SIMPLE IRA account, and that they failed to deposit into her account the withheld funds owed to her under the plan. For all of these reasons, this Court should deny Defendants' Motion to Dismiss.

## FACTUAL BACKGROUND

Whitesburg Women's Center, LLC ("WWC"), now allegedly insolvent, provided obstetrics and gynecological services, other medical services, as well as childbirth classes and prenatal counseling for pregnant patients in Kentucky. (DN 1, ¶¶ 2,7.) In February 2012, Dr. Branham signed a three-year Employment Agreement with WWC and Nathan Wade Baker, M.D., president and sole owner of WWC ("Dr. Baker"). (*Id*. ¶ 1.)

In July 2013, Dr. Branham became pregnant and continued to work her normal schedule at WWC. (*Id.* ¶ 4.) In February 2014, during Dr. Branham's third trimester and shortly before beginning her contractually provided, paid maternity leave, Dr. Baker fired her without cause in violation of the Employment Agreement's three-year term. (*Id*. ¶ 5.) Dr. Baker also refused to continue paying any health insurance for Dr. Branham.

While employed by WWC, Dr. Branham participated in the company's retirement plan, a SIMPLE IRA. (*Id*. ¶ 3.) The plan is also known as a SEP-IRA, or a "Simplified Employee Pension." (*See* DN 17-3, hereinafter referred to as "the plan," at 1.) The plan provides for salary reduction contributions, and requires the employer to contribute certain matching contributions. (*See Id*. at 3.) It does not, however, include any description of an appeals process, claims

procedures, or applicable time frames for review of claims determinations, and otherwise provides no notice of any opportunity for participants to address any issue of fund asset mismanagement, because no such opportunities exist under the plan. (*See Id.*)

During her employment, WWC and Dr. Baker withheld money from Dr. Branham's paychecks, but did not deposit all of the withheld funds into Dr. Branham's SIMPLE IRA. (DN 1, ¶ 3.) For example, in 2013, Defendants withheld $12,000 from Dr. Branham's paychecks in SIMPLE IRA contributions, but only deposited $4,800 into her IRA account by January 30, 2014. (*Id*. ¶ 30.) In January 2014, Defendants withheld $2,400 in SIMPLE IRA contributions, and only in August 2014 deposited $4,800 into Dr. Branham's account. (*Id*. ¶ 35.) Accordingly, after all these late contributions and withholdings, Dr. Branham's account was still short $4,800 in her own contributions. (*Id.*) Furthermore, Defendants failed to contribute $1,153.84 in matching contributions to Dr. Branham's SIMPLE IRA. (*Id*. ¶ 40.)

Dr. Branham sued Dr. Baker and WWC, alleging facts to support claims of federal ERISA violations under 29 U.S.C. § 1109, § 1132(a)(1)(B), and § 1140 (Count I), breach of contract (Count II),[1] fraud (Count III), pregnancy discrimination under Kentucky's Civil Rights Act (Count IV), and conversion (Count V). (DN 1, ¶¶ 38–73.)

Defendants answered Dr. Branham's Complaint on September 22, 2016. (DN 11.) In their answer, Defendants admitted that Dr. Branham was "shorted $4,800 in her retirement

---

[1] Defendants' argument that Dr. Branham's state law are preempted by ERISA fails because Dr. Branham's state law claims do not seek to recover claims benefits under the plan, are not based on the same facts as Dr. Branham's ERISA claims, and are otherwise unrelated to the SIMPLE-IRA. 29 U.S.C. § 1144(a); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 861 (6th Cir. 2007) ("In deciding whether a state-law claim is too remote to be preempted by ERISA, our precedents focus on whether the remedy sought by a plaintiff is primarily plan-related."); *See also Taylor Chevrolet, Inc. v. Medical Mut. Servs. LLC*, 306 Fed. App'. 207, 210 (6th Cir. 2008) (explaining that a state law claim is not preempted "unless it falls within the scope of ERISA's civil enforcement provision). The only contractual claims here are for breach of the Employment Agreement—*not* the SIMPLE IRA. The remaining state law claims (fraud, pregnancy discrimination under Kentucky's Civil Rights Act, and conversion) are completely unrelated to Defendants' mismanagement of the SIMPLE IRA funds and are therefore not preempted by ERISA.

account." (*Id.* ¶ 30, 35.) Defendants also admitted that Dr. Branham "is entitled to nominal interest on unpaid contributions." (*Id.* ¶ 41.) Furthermore, Defendants admitted they "had fiduciary responsibilities as to the funds that were to be deposited into Dr. Branham's SIMPLE IRA retirement account." (See DN 1, ¶ 39; DN 11, ¶ 39.) Upon being served with Dr. Branham's Requests for Admissions, Defendants admitted that WWC "failed to deposit $4,800 in Dr. Branham's SIMPLE IRA retirement account," and "failed to deposit the 'matching' contribution of $1,153.84 in Dr. Branham's SIMPLE IRA retirement account."

After twice admitting that they failed as fiduciaries to deposit the withheld funds into Dr. Branham's SIMPLE IRA, Defendants amazingly filed this motion, seeking to dismiss the claims for which they have admitted liability.

## ARGUMENT

**I.  Defendants' Motion To Dismiss Should Be Denied Because It Is Procedurally Untimely.**

**A.  Defendants' Motion Was Untimely Filed After Their Answer.**

Any motion asserting a defense, under Rule 12(b)(6), "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Motions to dismiss pursuant to Rule 12(b)(6) filed after a movant has filed his answer, as here, are therefore untimely and considered premature Rule 12(c) motions. *Brewer v. Rogers*, 2009 U.S. Dist. LEXIS 63957, at *4 (E.D. Ky. 2009) ("The defendants filed this motion to dismiss after their answer, and so the court will construe it as a motion for judgment on the pleadings, brought pursuant to Federal Rule of Civil Procedure 12(c).") *Wells Fargo Bank, N.A. v. Favino,* 2011 U.S. Dist. LEXIS 35618 at *43–44 (N.D. Ohio 2011) ("Though this motion is untimely, since it should have been filed prior to the answer, the Sixth Circuit has held that where the substance of the motion is plain, 'it is proper to

treat a motion styled as one under rule 12(b)(6) as if it were brought under Rule 12(c),' using the same standard of review.") (citing *Wagner v. Higgins*, 754 F.2d 186, 188 (6th Cir. 1985)).

A motion brought pursuant to 12(c) "is appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Brewer v. Rogers*, 2009 U.S. Dist. LEXIS 63957, at *4 (citing *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008)).  A motion for judgment on the pleadings is determined under the same standard of review as a motion to dismiss under Rule (12)(b)(6). *McCullough v. Am. Gen. Ins.*, 2007 U.S. Dist. LEXIS 69498, at *5 (M.D. Tenn. 2007) (citing *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006)).

Under either rule, the Court must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*  To survive a motion to dismiss, a plaintiff must only allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Here, because Defendants filed their Motion to Dismiss after their Answer, it is clearly untimely, and should be denied as a matter of course.[2]

### B.  Exhaustion Is An Affirmative Defense That Is Inappropriate In A Motion To Dismiss.

Defendants' exhaustion argument is an affirmative defense that is inappropriate to consider on a motion to dismiss under Rule 12(b)(6).  Numerous courts throughout the country have held that exhaustion of administrative remedies under ERISA is an affirmative defense.

---

[2] Nevertheless, to the extent the Court decides to consider such an untimely filed motion, and for some reason determines that it has merit, the proper remedy would not be dismissal, but rather to allow Dr. Branham to amend her Complaint.

5

*Laitinen v. Sun Life Assur. Co.*, 2016 U.S. Dist. LEXIS 29934, at *11 (W.D. Mich. Mar. 9, 2016); *Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 446 (2d Cir. 2006); *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 280 (3d Cir. 2007); *Wilson v. Kimberly-Clark Corp.*, 254 F. App'x 280, 286–287 (5th Cir. 2007); *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 627 n.2 (9th Cir. 2008). Accordingly, the burden of establishing exhaustion falls to the defendant, and "a motion to dismiss filed under [Rule] 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense." *Laitinen*, 2016 U.S. Dist. LEXIS 29934, at *11 (citing *Goodman v. Praxair, Inc.*, 494 F.3d F.3d 458, 464 (4th Cir. 2007)). Rather, a "summary judgment motion is the proper vehicle for considering a defendant's claim that a plaintiff has failed to exhaust administrative remedies before filing a civil action." *Beamon v. Assurant Employee Benefits*, 917 F. Supp. 2d 662, 666 (W.D. Mich. 2013) (citations omitted).[3]

Courts dismiss 12(b)(6) motions grounded on an alleged failure to exhaust ERISA administrative remedies. *See e.g., Laitinen,* 2016 U.S. Dist. LEXIS 29934, at *12 (refusing to dismiss complaint for failure to exhaust at motion to dismiss stage). Defendants' Motion to Dismiss for failure to exhaust is therefore premature. This is, on its own, sufficient grounds to deny Defendants' motion.

## II. Dr. Branham's Claims Are Not Subject To The Exhaustion Requirement.

Even if Defendants' motion were procedurally sound—which it is not—it would nonetheless be substantively meritless. Defendants mistakenly argue that Dr. Branham's

---

[3] It is also notable that, to the extent Defendants' motion seeks summary judgment on the exhaustion issue, such a motion is in direct violation of this Court's October 16 Order, requiring that a Pre-Motion and Post-Discovery Conference take place before the Court will consider any motion for summary judgment. (*See* Scheduling Order, DN 13, pp. 4-5.)

6

Complaint should be dismissed for failure to exhaust administrative remedies.  Such assertions are legally and factually incorrect.

Importantly, ERISA itself does not contain an administrative exhaustion requirement. *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998).  Instead, the administrative exhaustion requirement is applied as a matter of judicial discretion, and does not apply in many cases.  *Id.*  For example, a court "is obliged to exercise its discretion to excuse nonexhaustion where resorting to the plan's administrative procedure would simply be futile or the remedy inadequate."  *Id.*  Additionally, a plaintiff's claims are "deemed exhausted" where the plan procedures fail to follow the requirements of ERISA.  29 CFR 2560.503-1(l); *See Asgaard v. Pension Comm.*, 2006 U.S. Dist. LEXIS 74679 (W.D. Mich. Oct. 13, 2006).  Many courts also hold that fiduciary duty claims under ERISA are not subject to the exhaustion requirement.  *See e.g., Moeckel v. Caremark Rx Inc.*, 385 F. Supp. 2d 668, 681 (M.D. Tenn. 2005).  Finally, courts do not require a plaintiff to exhaust the administrative appeals process when doing so would be contrary to the policies served by exhaustion.  *Fallick*, 162 F.3d at 420. Simply put, the law "does not require parties to engage in meaningless acts or to needlessly squander resources as a prerequisite to commencing litigation."  *Id*.

Here, each of these well-established exceptions to the exhaustion requirement is present and Defendants' motion should be denied.

### A.  The Exhaustion Doctrine Does Not Apply to Dr. Branham's Fiduciary Duty Claims For Mismanagement of Her SEP-IRA.

As statutory claims under 29 U.S.C. § 1109, Dr. Branham's fiduciary duty claims are not subject to the exhaustion requirement.  Courts in this and other circuits have refused to dismiss complaints for failure to exhaust administrative remedies where a plaintiff's claims are based on the violation of statutory ERISA rights. *Moeckel v. Caremark Rx Inc.*, 385 F. Supp. 2d 668, 681

(M.D. Tenn. 2005) (denying motion to dismiss fiduciary duty claims for failure to exhaust administrative remedies); *see also Richards v. General Motors Corp.*, 991 F.2d 1227, 1235 (6th Cir. 1993).[4]

In her Complaint, Dr. Branham has properly pleaded facts supporting a claim for breach of fiduciary duties under 29 U.S.C. § 1109, which, as a statutory right under ERISA, is exempt from the exhaustion requirement.[5] For, courts routinely treat delinquent payments to ERISA funds as "de facto mismanagement of plan assets" and thus a breach of fiduciary duty under ERISA. *Plumbers Local 98 Defined Benefit Pension Fund v. M & P Master Plumbers of Mich., Inc.*, 608 F. Supp. 2d 873, 877 (E.D. Mich. 2009) (holding that employer breached fiduciary duties under § 1104 by failing to make required contributions to ERISA funds); *See also Lampkins v. Golden*, 28 Fed. App'x 409, 410 (6th Cir. 2002) (affirming recovery of ERISA damages for employer's breach of fiduciary duties and other ERISA violations in mismanaging plaintiff's SEP-IRA).

Dr. Branham alleges that Defendants failed to deposit all of the money that they withheld from Dr. Branham's paycheck into her SIMPLE IRA account. (DN 1, ¶ 30.) The Complaint further alleges that "Defendants wrongfully, and in breach of their fiduciary duties," failed to deposit a matching employer contribution of $1,153.84. (*Id.* ¶40.) Indeed, Defendants have already admitted liability for breach of fiduciary duties. In their answer, Defendants admitted that Dr. Branham was "shorted $4,800 in her retirement account." (DN 11, ¶ 30, 35.)

---

[4] *See also Chailland v. Brown & Root, Inc.*, 45 F.3d 947, 950–51 (5th Cir. 1995) (holding that exhaustion is not required for statutory claim); *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1205 (10th Cir. 1990) (same); *Amaro v. Cont'l Can Co.*, 724 F.2d 747, 752 (9th Cir. 1984) (same); .*Zipf v. Am. Tel. & Tel. Co.*, 799 F.2d 889, 891–92 (3d Cir. 1986) (holding exhaustion not required in § 502(a)(3) case).

[5] Additionally, Dr. Branham has alleged facts supporting claims under § 1132(a)(1)(B). These claims are also excused from exhaustion due to futility, as herein discussed in detail. Dr. Branham has further alleged facts supporting a claim under 29 U.S.C. § 1140 for interference with protected ERISA rights, a statutory claim that, like fiduciary duty claims, is also exempt from exhaustion. Contrary to Defendants' suggestion, Dr. Branham does not seek equitable relief under § 1132(a)(3).

Defendants also admitted that Dr. Branham "is entitled to nominal interest on unpaid contributions." (*Id.* ¶ 41.) Furthermore, Defendants admitted they "had fiduciary responsibilities as to the funds that were to be deposited into Dr. Branham's SIMPLE IRA retirement account." (See DN 1, ¶ 39; DN 11, ¶ 39.)

After admitting to the existence of a fiduciary duty, Defendants now contend that they did not have a fiduciary duty to Dr. Branham.[6] Not only have Defendants admitted to this duty already, but Defendants clearly fall under the definition of a fiduciary under ERISA, which includes anyone who "exercises discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets," or "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21); 29 U.S.C. § 1109(a).

As the Complaint alleges, and as Defendants admit, Defendants had discretionary control over the withholding of employee salary funds and the depositing of such funds into employee SIMPLE IRA accounts. (DN 1, ¶¶ 30, 39, 40; DN 11, ¶¶ 39, 39, 40.) Defendants were therefore clearly fiduciaries under ERISA. *See Plumbers Local 98*, 608 F. Supp. 2d at 880 (employer who was sole shareholder, officer, and director of his company and who controlled employee contributions was fiduciary under ERISA); *see also Lampkins*, 28 F. App'x at 410 (affirming plaintiff's recovery for breach of fiduciary duty under ERISA by employer's mismanagement of her SEP-IRA); *See also Garratt v. Walker*, 164 F.3d 1249, 1254 (10th Cir. 1998) ("An employer retains the right to make fundamental business decisions about employee compensation and whether (and how much) to contribute to a SEP plan.")

---

[6] Aside from the fact that Defendants admitted their fiduciary status, this Court should also reject this argument because it was not included in their answer, and therefore is improper to include in a premature Rule 12(c) motion. *Telesca v. Long Island Housing P'ship, Inc.,* 443 F. Supp. 2d 397, 405 (E.D.N.Y. 2006) (explaining that when courts "rule on an untimely motion to dismiss that is filed after the answer, the defendant's previously-filed answer must expressly preserve the defense.")

In light of these allegations, the Complaint clearly and concisely alleges facts[7] which, as admitted are true, support a breach of fiduciary duty claim under ERISA. It does not matter that Dr. Branham brings these claims in an individual capacity rather than on behalf of the plan. *See e.g., Lampkins*, 28 F. App'x at 410 (affirming individual plaintiff's recovery for breach of fiduciary duty under ERISA). Because Dr. Branham's fiduciary duty claims are not subject to the exhaustion requirement, Defendants' motion to dismiss should be denied.

### B. The Complaint Properly Pleads Futility.

Even if this Court determines that the exhaustion doctrine is applicable to Dr. Branham's ERISA claims, it should excuse Dr. Branham from exhaustion under the well-established exception of futility. The Sixth Circuit has explained that "a court is obliged to exercise its discretion to excuse non-exhaustion where resorting to the plan's administrative procedure would simply be futile or the remedy inadequate." *Fallick*, 162 F.3d at 419.

It is difficult to think of a scenario in which the futility exception is more appropriate than here. For, there is no dispute that Dr. Branham is entitled to the employee contributions and employee matches that Defendants have admitted to withholding—Defendants have simply failed to deposit the money into Dr. Branham's account. (DN 1, ¶¶ 30, 39, 40; DN 11, ¶¶ 30, 39, 40.) Defendants do not dispute this fact, but rather have admitted that they were unable to deposit the money owed under the ERISA plan into Dr. Branham's account because of financial difficulties and "an accounting error." (DN 11, ¶¶ 35, 40.) Furthermore, WWC is now allegedly insolvent. (DN 11, ¶ 31.) Accordingly, any attempts to "exhaust" would have been, and still are,

---

[7] Defendants' "gotcha" argument that the Complaint fails to cite specific sections of ERISA is also unavailing. *Johnson v. City of Shelby,* 135 S. Ct. 346, 346 (2014) (holding that federal pleading standards do not require invocations of specific statutory sections but only "a short and plain statement of the claim showing that the pleader is entitled to relief"). Indeed, such an argument is particularly disingenuous given that Defendants have already admitted the ERISA violations at issue here, and therefore were on notice of Dr. Branham's ERISA claims.

utterly futile.[8]  Dr. Branham cannot now be required to engage in a nonexistent appeals process with an insolvent company that has admitted to having owed the money in dispute.  *See also Shapiro v. Fid. Invs. Istitutional Operations Co.*, 142 F. Supp. 3d 535, 541 (E.D. Ky. 2015) (holding that administrative remedy was inadequate and exhaustion futile where the plan no longer existed at the time of suit).

Because any attempts by Dr. Branham to exhaust administrative remedies would clearly be futile, Defendants exhaustion argument fails.

      C.      **Dr. Branham's ERISA Claims Are "Deemed Exhausted."**

The plan's failure to provide for any appeals process or procedural safeguards is yet another reason to deny Defendant's motion.  Where the plan procedures fail to follow the requirements of ERISA, a claimant "shall be deemed to have exhausted the administrative remedies available."  29 C.F.R. § 2560.503-1(l); *See Asgaard v. Pension Comm.*, 2006 U.S. Dist. LEXIS 74679 (W.D. Mich. Oct. 13, 2006) (deeming a claim exhausted where defendant failed to provide certain plan documents to plaintiff regarding a denial of benefits); *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 222 (2d Cir. 2006) ("The 'deemed exhausted' provision was plainly designed to give claimants faced with inadequate claims procedures a fast track into court – an end not compatible with allowing a 'do-over' to plans that failed to get it right the first time.")

The SIMPLE IRA plan that Defendants have attached to their motion is devoid of any procedures or administrative appeals process of any kind, and therefore is in clear violation of the statutory and regulatory claims procedures generally applicable to ERISA benefits plans.  For example, the plan does not include a "description of all claims procedures" and "applicable time frames" as required by 29 C.F.R. § 2560.502-1(b)(2).  Nor does it describe any "administrative

---

[8] "The law does not require parties to engage in meaningless acts or to needlessly squander resources as a prerequisite to commencing litigation."  *Fallick*, 162 F.3d at 420.

11

processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents" as required under § (b)(5). Crucially, the plan does not put participants on notice of any "procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan," as required under § (h)(1).

Because the plan lacks a claims procedure altogether, it could not possibly have provided Dr. Branham any meaningful access to an appeals process, and thus Dr. Branham's claims pursuant to that plan are deemed exhausted. *See also Brown v. J.B. Hunt Transp. Servs.,* 586 F.3d 1079, (8th Cir. 2009) (plan administrator's failure to provide claimant a reasonable opportunity for full and fair review of claim determination excused exhaustion); *Baptist Mem. Hosp.-Desoto Inc. v. Crain Auto. Inc.*, 392 F. App'x 289, 294 (5th Cir. 2010) (claims "deemed exhausted" where administrator failed to provide any written notice the claim was denied or specific reasons for denial, and never advised claimant of its administrative remedies); *Cromer-Tyler v. Teitel*, 294 F. App'x 504 (11th Cir. 2008) (excusing exhaustion where administrator failed to provide documentation of plan and its procedures thus providing no meaningful access to review procedures); *Linder v. BYK-Chemie USA, Inc.*, 313 F. Supp. 2d 88, 92 (D. Conn. 2004) (claims deemed exhausted where plan administrator failed to adhere to ERISA in notifying plaintiff of a denial of benefits within ninety days); *Haag v. MVP Health Care*, 866 F. Supp. 2d 137 (N.D.N.Y. 2012) (claims deemed exhausted where plan administrator failed to follow notice procedures of ERISA).

    **D.    Requiring Dr. Branham to Exhaust her Claims Here Would Not Advance the Purposes of the Doctrine.**

Finally, Courts also excuse exhaustion where requiring the plaintiff to exhaust the administrative appeals process would be contrary to the policies served by the judicially-created

doctrine of exhaustion. *Fallick*, 162 F.3d at 420; *Dozier v. Sun Life Assur. Co. of Can.*, 466 F.3d 532, 536 (6th Cir. 2006). The purpose of the doctrine is (1) to help reduce the number of frivolous law-suits under ERISA; (2) to promote the consistent treatment of claims for benefits; (3) to provide nonadversarial methods of claims settlement; (4) to minimize the costs of claims settlement for all concerned; (5) to promote efficiency of fund management; (6) to enhance the ability of trustees of benefits to correct their errors; (7) to enhance the ability of trustees of benefit plans to interpret plan provisions; and (8) to help assemble a factual record which will assist a court in reviewing fiduciaries' actions. *Dozier*, 466 F.3d at 536.

Subjecting Dr. Branham's claims to exhaustion would not advance any of these policies. This is clearly not a frivolous lawsuit, in light of Defendants' admissions that they failed to deposit Dr. Branham's money into her account. Additionally, the aforementioned policies of encouraging efficient administration of claims settlement, fund management, and ability of trustees to administer benefits plans (no. 2, 3, 5, 6, 7, 8), are inapplicable to this particular case because of the singular nature of Dr. Branham's retirement account. A SIMPLE IRA (or a SEP-IRA)[9] *does not involve* a third party administrator of benefit determinations, or even an appeals process by which to develop a record or resolve disputes. In the context of a SIMPLE IRA or a SEP-IRA, the owner of his or her IRA in the plan need not make any ERISA administrative claim with the IRA custodian – he or she can withdraw the IRA funds at any time subject only to the legal requirements for the IRA custodian to apply (for example, the applicable penalties for

---

[9] SIMPLE IRA plans permit salary reduction deferrals elected by the participant and are governed by 26 U.S.C. § 408(p); they have been in the law since 1997. SEP-IRA plans were added under § 408(k) much earlier, effective in 1979. SEP-IRAs could accept both employer contributions and participant salary reduction deferrals until 1997, when the same law that added SIMPLE IRA's to the Code ended the right to make SEP-IRA salary reduction contributions (otherwise referred to as SAR-SEP's). Both SEP-IRA and SIMPLE IRA plans must permit participants to withdraw funds from their IRAs at any time. 26 U.S.C. § 408(k)(4).

withdrawals prior to age 59½, or the required federal income tax withholdings).  *See* 26 U.S.C. § 408(k)(4).

Thus, the SIMPLE IRA or SEP-IRA does not implicate any of these purposes that the judicially-created exhaustion doctrine was designed to promote.  In fact, by *foregoing* exhaustion here, this Court would advance several of these goals, including cost savings for all parties and timeliness in bringing the dispute to a close.

## CONCLUSION

Not only is Defendants' Motion to Dismiss premature, but it also mischaracterizes applicable ERISA law and fails to recognize the well-noted exceptions to the exhaustion doctrine that exempt Dr. Branham's claims.  In so doing, Defendants' motion is contradicted by Defendants' own admissions in their answer that they breached their fiduciary duties to Dr. Branham under ERISA. For these reasons, this Court should deny Defendants' motion to dismiss.

Respectfully submitted,

 *s/Michael M. Denbow*
Michael M. Denbow
Frederick R. Bentley
STITES & HARBISON PLLC
400 West Market Street
Suite 1800
Louisville, KY  40202-3352
Telephone: (502) 681-0394
Email: mdenbow@stites.com
           rbentley@stites.com
COUNSEL FOR PLAINTIFF, JESSICA BRANHAM

## **CERTIFICATE OF SERVICE**

  It is hereby certified that on December 7, 2016, the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

Daniel F. Dotson
178 Main St., Suite 1
Whitesburg, Ky 41858
(606) 633-4467
Dotlaw2@bellsouth.net

              *s/Michael M. Denbow*
              Counsel for Plaintiff, Jessica Branham

1124329:1:LOUISVILLE